**In re Edward N. CLAUGHTON, Jr., Debtor.**

**Edward N. CLAUGHTON, Jr., Appellant,**

v.

**Beverly A. MIXSON, Appellee.**

**No. 5:92CV48–MU.**

United States District Court,
W.D. North Carolina,
Statesville Division.

July 16, 1993.

Garland S. Cassada, Robinson, Bradshaw & Hinson, P.A., Charlotte, NC, for Beverly A. Mixson.

Joseph B.C. Kluttz, Kennedy Covington Lobdell & Hickman, Charlotte, NC, for Edward N. Claughton, Jr.

### ORDER

MULLEN, District Judge.

This matter is before the Court on an appeal by the debtor of an order entered by the bankruptcy court on April 27, 1992, granting relief from the automatic stay provision of 11 U.S.C. § 362(a).

Edward Claughton, the debtor/appellant, is the former husband of Beverly Mixson, the appellee. The debtor is appealing an order of the Honorable Marvin Wooten entered in his Chapter 11 case which modified the automatic stay and allowed funds of the estate to be distributed to Mrs. Mixson in satisfaction of a judgment in an equitable distribution

case entered by a Florida state court. Judge Wooten stayed the order pending appeal in this Court.

The debtor and Mrs. Mixson were divorced in 1976. In June of 1990, a Florida trial court entered an order identifying marital assets subject to distribution and determined that Mrs. Mixson was entitled to 50% of the marital assets. In March of 1991, the Florida trial court conducted a final hearing on the valuation of marital assets, and entered a Final Judgment on Equitable Distribution Issues in April of 1991. The court determined that Mrs. Mixson's share of the marital assets was $3,216,684.50, and awarded her all of the debtor's interest in Hound Ears, a resort residential development in North Carolina, the debtor's one-half interest in an escrow account containing the proceeds from the sale of the marital home, and a $463,-452.47 judgment to be paid in semi-annual installments, plus interest. The court granted Mixson a lien on the debtor's interest in a property known as Claughton Island to secure the debtor's performance of the Equitable Distribution Judgment. Mixson subsequently discovered that the debtor had concealed material evidence on the value of Claughton Island. Based on this evidence, Mixson moved for relief from the Judgment. In October of 1991, the Florida trial court found that the debtor had fraudulently concealed material evidence about the value of the island in the equitable distribution proceeding, and subsequently conducted an evidentiary hearing on Mixson's motion for relief and claim for attorney's fees. Before an amended judgment could be entered, the debtor filed a Chapter 11 petition.

In March of 1992, the bankruptcy court entered a "Consent Order Modifying Automatic Stay", providing that litigation in the Florida equitable distribution proceeding could continue through entry of judgment by the Florida court, but expressly reserved jurisdiction over the debtor's estate. The Florida trial court entered its "Amended Final Judgment" on March 27, 1992, which awarded Mixson a total of $3,976,465 (not including her share of the marital home). On April 9, 1992, Mixson filed a motion requesting a modification of the stay to allow distribution of her share of the marital assets awarded by the Final Judgment. After an extensive evidentiary hearing, the bankruptcy court entered an Order on April 27, 1992, which, *inter alia*, granted relief from stay to permit immediate distribution of Mixson's share of marital assets awarded in the Amended Final Judgment of the Florida trial court.

The debtor argues that there is no authority in either the Code or other federal law for the bankruptcy court's decision to allow Mixson to immediately enforce an equitable distribution judgment against assets of the debtor's estate. In the absence of such authority, the debtor claims that the court lacks the power to create what, in effect, is a special, non-statutory priority for Mixson's claim. The essence of the debtor's argument is that the bankruptcy court erroneously concluded that it could not modify a state equitable distribution order where the debtor has sufficient assets to pay all other creditors in full. This erroneous conclusion of law, the debtor argues, is the basis for the bankruptcy court's exercise of discretion to lift the automatic stay, and thus this court must review this exercise of discretion under a *de novo*, rather than an abuse of discretion standard. *See United Food & Commercial Workers v. Marval Poultry*, 876 F.2d 346, 350–51 (4th Cir.1989).

In making its ruling, the bankruptcy court relied on the case of *Caswell v. Lang*, 757 F.2d 608 (4th Cir.1984), which instructs bankruptcy courts to give great deference to state courts in domestic matters. The debtor argues that the bankruptcy court felt compelled by the *Caswell* decision to abandon jurisdiction to the Florida state court not only to determine the amount of Mixson's claim, but also to exercise complete control over distribution of property of the debtor's estate in satisfaction of that claim. The debtor points out that the order of the bankruptcy court predated the Fourth Circuit's decision in *Robbins v. Robbins*, 964 F.2d 342 (4th Cir.1992), in which the court affirmed this bankruptcy court's lifting the stay to allow the determination of an equitable distribution claim in state court. The Fourth Circuit made it clear in *Robbins*, however,

that deference to the specialized expertise of a state domestic court in determining a spouse's claim does not require the wholesale abandonment of the bankruptcy court's jurisdiction over the claim once it is determined. *Robbins,* 964 F.2d at 346. Based on this case, the debtor argues that the Code provision allowing the court to grant relief from stay, § 362(d), only authorizes the stay to be lifted to let litigation proceed for purposes of determining the amount of a claim, which will then be treated as a claim subject to the provisions of the Code.

Contrary to the debtor's argument, it appears to the court that the bankruptcy court did not abandon all jurisdiction to the state court to exercise complete control over distribution of property of the estate in satisfaction of the award, but rather exercised its jurisdiction by determining that the property awarded to Mixson was not necessary to satisfy the claims of other creditors in full and that, accordingly, it would not alter the distribution ordered by the state court to pay other creditors. Thus, this court rejects the debtor's argument that a *de novo* standard of review is required because the bankruptcy court improperly determined that it must abandon jurisdiction to the Florida state court. Section 362(d)(1) of the Bankruptcy Code authorizes bankruptcy courts to lift the automatic stay "for cause". After a two day evidentiary hearing, the bankruptcy court concluded that even after distribution of marital property to Mixson, that the debtor would have sufficient assets to pay all of his creditors in full. Furthermore, the court found that the Florida trial court, prior to the debtor's filing for bankruptcy protection, had granted Mixson a lien on the debtor's interest in Claughton Island to secure the debtor's faithful performance of the Equitable Distribution Judgment. Based on these findings, the court concluded that cause existed to modify the stay and allow Mixson to receive immediate distribution.

Distribution of the award to Mixson does not create a special, non-statutory priority for Mixson's claim, as she is already a secured creditor pursuant to the April 2, 1991 Final Judgment on Equitable Distribution Issues of the Florida trial court. As a se-

cured creditor, Mixson enjoys priority over unsecured creditors. Accordingly, this court finds that the bankruptcy court's findings are not clearly erroneous and entry of the order lifting the stay and allowing a secured creditor to collect a judgment was not an abuse of discretion.

IT IS THEREFORE ORDERED that the order of the bankruptcy court is hereby AFFIRMED.